(No. 4320-

SANDUSKY CORDER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

WILBUR D. CAPPS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Sandusky Corder, filed his complaint and amended complaint setting forth that pursuant to an Act of the General Assembly of the State of Illinois entitled ''An Act to provide for the registration of burial places of soldiers and sailors serving in all United States wars, or during the years 1940 or 1941, and for locating such burial places and reporting them to the Federal

government, and transporting to such burial places and setting up headstones provided by the Federal government'', approved July 8, 1935, and the several amendments thereto; and pursuant also to instructions from the Military and Naval Department, War Veterans' Graves Registration of the State of Illinois, claimant did, in Hancock County, Illinois, at the time set forth in the bill of particulars filed herein, and at the time hereinafter mentioned, transport and erect headstones furnished by the Federal government at the graves of certain named deceased veterans of United States wars.

The record consists of the complaint, amended complaint, bill of particulars, report of the Adjutant General, dated January 8, 1951, signed by Leo M. Boyle, Major General, the Adjutant General, which has been filed in this case under Rule 16 of the Court, and which constitutes the record in this cause.

Claimant erected seven headstones; and, as a result of the transportation and erection thereof, there is now due claimant the sum of $70.00.

The seven markers were placed at the respective veterans' graves prior to July 1, 1949, and were payable from funds allocated for the 65th biennium, but payment was not cleared before the lapse in appropriation.

This Court has repeatedly held that in the event certain articles are properly furnished, and the State is directed by statute to pay for same, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, an award for the reasonable value of the items furnished will be made, where, at the time the expenses were incurred there were sufficient funds remaining un-

expended in the appropriation to pay for the same. (*Carl S. Johnson* v. *State,* 16 C.C.R. 96; *Rock Island Sand and Gravel Co.* v. *State,* 8 C.C.R. 165; *Oak Park Hospital* v. *State,* 11 C.C.R. 219; *Yourtee-Roberts Sand Co.* v. *State,* 14 C.C.R. 124.)

An award is, therefore, entered in favor of claimant, Sandusky Corder, for the sum of $70.00.